IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARK WAYNE BILBREY, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 3:03-CV-1473-L |
| § | |
| NATHANIEL QUARTERMAN,[*] Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Divisions, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Petitioner's Motion for Relief from Judgment, filed June 20, 2006. After considering the motion, record, and applicable law, the court **denies** Petitioner's Motion for Relief from Judgment.

**I.   Factual and Procedural Background**

Pursuant to 28 U.S.C. § 2254, Petitioner filed this habeas case on June 30, 2003, challenging his guilty-plea convictions for aggravated assault on a public servant, possession of methamphetamine with intent to deliver, and possession of a firearm by a felon. Under 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On March 23, 2004, the Findings, Conclusions and Recommendation of the United States Magistrate Judge were filed. On

---

[*]The previously named respondent in this action was Douglas Dretke. Effective June 1, 2006, Nathaniel Quarterman succeeded Dretke as the Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Fed. R. Civ. P., Nathaniel Quarterman "is automatically substituted as a party." The clerk of court is **directed** to reflect this change on the docket sheet of this action.

**Memorandum Opinion and Order – Page 1**

April 7, 2004, Respondent filed objections to which Petitioner responded on April 21, 2004, and Petitioner filed objections on April 9, 2004. On May 28, 2004, the court denied Petitioner's petition for habeas corpus and dismissed this action with prejudice. Petitioner subsequently moved to alter or amend the judgment, which this court denied. Petitioner filed a notice of appeal and on December 1, 2004, the Fifth Circuit denied his request for a certificate of appealability, determining that Petitioner "has not shown that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Bilbrey v. Dretke*, No. 04-10785, slip op. at 2 (5th Cir. Dec. 1, 2004) (internal punctuation and citation omitted). Petitioner now moves for relief from judgment pursuant to Fed. R. Civ. P. 60(a).

## II.   Analysis

Petitioner moves for relief from judgment pursuant to Fed. R. Civ. P. 60(b). He also argues that he is entitled to relief from judgment pursuant to Rule 60(a).

A motion for relief from judgment is governed by Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 60(b). This rule provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Rule 60(b)(1), (2) and (3) motions may be filed up to one year after the judgment is entered, and "within a reasonable time" for all remaining grounds. *See* Fed. R. Civ. P.

60(b).  Pursuant to Rule 60(b)(6), a court may vacate a judgment only in "extraordinary circumstances."  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988).

Petitioner contends that he is entitled to relief from judgment under Rule 60(b)(4), contending that the judgment is void.  First, the court determines that Petitioner has not moved for relief from judgment under Rule 60(b) "within a reasonable time."  On May 28, 2004, the court denied Petitioner's petition for habeas corpus, and dismissed this action with prejudice.  Now, more than two years later, Petitioner seeks relief from this judgment.  Absent any cogent explanation, the court determines that Petitioner's Rule 60 motion is untimely.  Morever, even were the court to consider Petitioner's motion, the court would deny it.  In his motion, Petitioner merely reiterates several of the grounds raised in his original objections to the magistrate judge's findings and recommendations, which the court already overruled in its decision dismissing his § 2254 petition on May 28, 2004.  The court determines that Petitioner has failed to establish "extraordinary circumstances" upon which to vacate the judgment.  Petitioner offers no specific facts regarding the alleged errors in law.  Because none of the grounds implicated in Petitioner's motion constitutes "extraordinary circumstances," the court declines to vacate its judgment.

Petitioner also seeks relief from judgment under Rule 60(a), which provides that: "[c]lerical mistakes in judgment, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party[.]"  Petitioner has failed to set forth any "clerical" mistake of the sort contemplated by Rule 60(a).

**III.     Conclusion**

For the reasons set forth herein, the court **denies** Petitioner's Motion for Relief from Judgment.

**It is so ordered** this 11th day of July, 2006.

                                                Sam A. Lindsay
                                                United States District Judge